AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means     ☐ Original    ☐ Duplicate


CLERK'S OFFICE
A TRUE COPY
May 07, 2024
s/ Mariah Kauder
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )  Case No.  24-M-398 (SCD)
An iPhone in a red case, assigned inventory number 3, )
and an iPhone in a black case, assigned inventory number )
4 "Subject Phones", currently in law enforcement custody )

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the     Eastern    District of    Wisconsin
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before    5-21-24    *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.    ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to    Hon. Stephen C. Dries    .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*    ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:    5-7-24. 1:50 pm            *Stephen C. Dries*
                                                    *Judge's signature*

City and state:    Milwaukee, WI                Honorable Stephen C. Dries, U.S. Magistrate Judge
                                                    *Printed name and title*

| **Return** |||
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |

| Inventory made in the presence of : |
|---|

| Inventory of the property taken and name(s) of any person(s) seized: |
|---|
| |

| **Certification** |
|---|

  I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.


Date: _____

                        _____
                            *Executing officer's signature*

                        _____
                             *Printed name and title*

# ATTACHMENT A

The property to be searched is: an iPhone in a red case, assigned inventory number 3, and an iPhone in a black case, assigned inventory number 4 "Subject Phones".

This warrant authorizes the forensic examination of the Subject Phones for the purpose of identifying the electronically stored information described in Attachment B.

1

# ATTACHMENT B

1. All records on the Subject Phones described in Attachment A that relate to violations of Title 18, United States Code, Section 922(g)(1) (unlawful possession of a firearm), and Title 21, United States Code, Section 841(a)(1) (distribution of controlled substances), involving Olajwan VEASY:

    a. any information related to sources of drugs or firearms (including names, addresses, phone numbers, and any other identifying information);

    b. any information related to VEASY's purchase, receipt, or possession of firearms;

    c. any information recording VEASY's movements or travel;

    d. all bank records, checks, credit card bills, account information, and other financial records relevant to the sale and/or trade of narcotics and/or firearms;

    e. photos, videos, IP addresses, contact information, contact lists;

    f. text messages, social media messages and content, and multi-media messages, relating to the sale and/or trade of narcotics and/or firearms;

    g. electronic mail to include the content of the emails, and associated email addresses, relating to the sale and/or trade of narcotics and/or firearms;

2. Evidence of user attribution showing who used or owned the Subject Phones at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

As used above, the terms "records" and "information" include all of the

foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

3

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin



CLERK'S OFFICE
A TRUE COPY
May 07, 2024
s/ Mariah Kauder
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
An iPhone in a red case, assigned inventory number 3, and ) Case No. 24-M-398 (SCD)
an iPhone in a black case, assigned inventory number 4 )
"Subject Phones", currently in law enforcement custody )

**APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

located in the \_\_\_\_\_Eastern\_\_\_\_\_ District of \_\_\_\_\_Wisconsin\_\_\_\_\_, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Unlawful possession of firearms. |
| 21 U.S.C. § 841(a)(1) | Distribution of controlled substance. |

The application is based on these facts:

See Attached Affidavit.

☑ Continued on the attached sheet.

☐ Delayed notice of \_\_\_\_\_ days *(give exact ending date if more than 30 days:* \_\_\_\_\_*)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

MATTHEW MASON
Digitally signed by MATTHEW MASON
Date: 2024.05.06 15:42:39 -05'00'

*Applicant's signature*

Matthew Mason, ATF SA

*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by \_\_\_\_\_telephone\_\_\_\_\_ *(specify reliable electronic means)*.

Date: 5-7-24

*Judge's signature*

City and state: Milwaukee, WI   Honorable Stephen C. Dries, U.S. Magistrate Judge

*Printed name and title*

# AFFIDAVIT IN SUPPORT OF AN
# APPLICATION UNDER RULE 41 FOR A SEARCH WARRANT

I, Special Agent Matthew Mason, being first duly sworn on oath, depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property—electronic devices—which are currently in law enforcement possession, and the extraction from that property of electronically stored information described in Attachment B.

2. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF). I have been so employed since September 2015. Prior to my employment with ATF, I was a Police Officer with the Calumet City Illinois Police Department, from 2003 until 2015. As part of my duties as an ATF Special Agent, I investigate criminal violations relating to violent crime, and firearms and explosives offenses, including violations of 18 U.S.C. §§ 922 and 924.

3. I have had a variety of formal, informal, and on the job training in the investigation of illegal firearms possession and firearms trafficking. In addition, I have participated in the execution of search warrants in which firearms, ammunition, and controlled substances were seized in violation of state and federal laws. Additionally, I am familiar with street name(s) of firearms, controlled substances, and respective related topics, as well as has knowledge of the use of money laundering to conceal ill-gotten money.

1

4. I additionally serve as a Task Force Officer with the U.S. Marshals Service, as part of the Great Lakes Regional Fugitive Task Force- Milwaukee. As a Task Force Officer, I investigate and attempt to locate fugitives wanted on a variety of violent crimes.

5. The statements that follow are based on my personal knowledge, and on information reported to me by others during the course of their official duties, all of whom I believe to be truthful and reliable.

6. This affidavit is intended to show that there is sufficient probable cause for the requested warrant. It does not set forth each and every detail known regarding this investigation.

## IDENTIFICATION OF THE EVIDENCE TO BE EXAMINED

7. The property to be searched is described as follows: iPhone in a red case, assigned inventory number 3, and an iPhone in a black case, assigned inventory number 4. I will refer to these two devices as the "Subject Phones."

8. The Subject Phones are currently stored and held in US Marshal Service evidence in the Eastern District of Wisconsin.

## PROBABLE CAUSE

9. On April 24, 2024, Olajwan M. VEASY (DOB: 07/29/1992) was arrested, on active felony arrest warrants, by the USMS fugitive task force.

10. On April 24, 2024, the USMS fugitive task force was investigating the fugitive case of VEASY. The investigation revealed VEASY to be residing at 2929 N. Mayfair Rd. #233 Wauwatosa, Wisconsin. USMS personnel responded to this address and surrounded

2

the building. USMS personnel began to knock on the door to unit 233 and announced their office. While knocking on the door, perimeter units watching the rear door of the residence and observed VEASY moving quickly from room to room inside the unit.

11. After several more announcements to open the door were made with no compliance, the door of the unit was breached. Once inside the unit, law enforcement called out to VEASY who then crawled from the bedroom into the living room. VEASY was placed into custody without further incident.

12. During a protective sweep on the unit no other occupants were located. However, during the sweep, several items of contraband were observed in plain view inside the unit. The items included a firearm ammunition magazine in the bedroom, and suspected narcotics (crack cocaine and marijuana) on the bathroom counter.

13. Based on VEASY's probation/parole status, and the items observed in plain view, an ACT 79 search was conducted on the residence.

14. During the search of the residence, 2-9mm ammunition magazines, a black firearm, an unknown amount of US currency, drug paraphernalia (digital scale, Pyrex measuring cup, knife, and baggies, all with suspected cocaine residue on them), an amount of crack cocaine, a cocaine/fentanyl mixture, and marijuana were recovered from the unit. Also recovered from the sole bedroom were two iPhones. One phone in a red case and one phone in a black case, (the "Subject Phones").

15. The firearm is further described as a black Taurus G2C, model PT111, 9mm semi-automatic pistol. The firearm had serial number 1C128963 and contained 16

3

live/unfired cartridges in the high-capacity extended magazine.

16. VEASY is prohibited from possessing firearms and/or ammunition do to him being a person previously convicted of a felony offense. As of the date of arrest, the conviction(s) remained of record and unreversed.

17. Based on my training and experience, I know that those prohibited from possessing firearms may communicate with others, including non-prohibited person(s), via cellular phone, social media, or other means, to discuss/arrange the acquisition of firearms.

18. Based on my training and experience, unlawful users of controlled substances often utilize phone calls, text messages, instant messages, social media messaging, or similar cell phone-based communication to arrange drug transactions.

19. In my experience, it is common for cell phones belonging to suspects who possess illicit drugs and/or firearms to contain photographs and depictions, descriptions, or discussions pertaining to their possession or use of these items. For instance, individuals may take photos of their firearms and/or pose for pictures with firearms and may save and share these photos by messaging or media applications.

20. For the most part, cell phones continue to hold this sort of electronically stored information indefinitely unless and until it is intentionally deleted. Based on my training and experience, I know that the Subject Phones have been stored in a manner in which their contents are, to the extent material to this investigation, in substantially the same state as they were when the Subject Phones first came into law enforcement possession.

21. Based on these facts, I respectfully submit that there is probable cause to

4

search the Subject Phones for evidence of the following violations of federal law committed by VEASY under Title 18, United States Code, Section 922(g)(1) (unlawful possession of a firearm), and Title 21, United States Code, Section 841(a)(1) (distribution of controlled substances).

## TECHNICAL TERMS

22. Based on my training and experience, I use the following technical terms to convey the following meanings:

   a. Wireless telephone: A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communications, wireless telephones offer a broad range of capabilities. These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

   b. Digital camera: A digital camera is a camera that records pictures as digital picture files, rather than by using photographic film. Digital cameras use a variety of fixed and removable storage media to store their recorded images. Images can usually be retrieved by connecting the camera to a computer or by connecting the removable storage medium to a separate reader. Removable storage media include various types of flash memory cards or miniature hard drives. Most digital cameras also include a screen for viewing the stored images. This storage media can contain any digital data, including data unrelated to photographs or videos.

5

Case 2:24-mj-00398-SCD   Filed 05/07/24   Page 11 of 18   Document 1

c. Portable media player: A portable media player (or "MP3 Player" or iPod) is a handheld digital storage device designed primarily to store and play audio, video, or photographic files. However, a portable media player can also store other digital data. Some portable media players can use removable storage media. Removable storage media include various types of flash memory cards or miniature hard drives. This removable storage media can also store any digital data. Depending on the model, a portable media player may have the ability to store very large amounts of electronic data and may offer additional features such as a calendar, contact list, clock, or games.

d. GPS: A GPS navigation device uses the Global Positioning System to display its current location. It often contains records the locations where it has been. Some GPS navigation devices can give a user driving or walking directions to another location. These devices can contain records of the addresses or locations involved in such navigation. The Global Positioning System (generally abbreviated "GPS") consists of 24 NAVSTAR satellites orbiting the Earth. Each satellite contains an extremely accurate clock. Each satellite repeatedly transmits by radio a mathematical representation of the current time, combined with a special sequence of numbers. These signals are sent by radio, using specifications that are publicly available. A GPS antenna on Earth can receive those signals. When a GPS antenna receives signals from at least four satellites, a computer connected to that antenna can mathematically calculate the antenna's latitude, longitude, and sometimes altitude with a high level of precision.

e. PDA: A personal digital assistant, or PDA, is a handheld electronic device used for storing data (such as names, addresses, appointments or notes) and utilizing computer programs. Some PDAs also function as wireless communication devices and are used to access the Internet and send and receive e-mail. PDAs usually include a memory card or other removable storage media for storing data and a keyboard and/or touch screen for entering data. Removable storage media include various types of flash memory cards or miniature hard drives. This removable storage media can store any digital data. Most PDAs run computer software, giving them many of the same capabilities as personal computers. For example, PDA users can work with word-processing documents, spreadsheets, and presentations. PDAs may also include global positioning system ("GPS") technology for determining the location of the device.

f. IP Address: An Internet Protocol address (or simply "IP address") is a unique numeric address used by computers on the Internet. An IP address is a series of four numbers, each in the range 0-255, separated by periods (e.g., 121.56.97.178). Every computer attached to the Internet computer must be

6

Case 2:24-mj-00398-SCD   Filed 05/07/24   Page 12 of 18   Document 1

  assigned an IP address so that Internet traffic sent from and directed to that computer may be directed properly from its source to its destination. Most Internet service providers control a range of IP addresses. Some computers have static—that is, long-term—IP addresses, while other computers have dynamic—that is, frequently changed—IP addresses.

  g. Internet: The Internet is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

23.  Based on my training, experience, and research, the Subject Phones have capabilities that allow them to serve as wireless telephones, digital cameras, portable media players, GPS navigation devices, and PDAs. In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

24.  Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

25.  *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Subject Phones were used, the purpose of their use, who used them, and when.

7

There is probable cause to believe that this forensic electronic evidence might be on the Subject Phones because:

   a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

   b. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

   c. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

   d. The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

   e. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

26. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the device consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

8

27. *Manner of execution.* Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

28. I respectfully submit that this affidavit supports probable cause for a search warrant authorizing the examination of the Subject Phones described in Attachment A to seek the items described in Attachment B.

9

# ATTACHMENT A

The property to be searched is: an iPhone in a red case, assigned inventory number 3, and an iPhone in a black case, assigned inventory number 4 "Subject Phones".

This warrant authorizes the forensic examination of the Subject Phones for the purpose of identifying the electronically stored information described in Attachment B.

1

# ATTACHMENT B

1. All records on the Subject Phones described in Attachment A that relate to violations of Title 18, United States Code, Section 922(g)(1) (unlawful possession of a firearm), and Title 21, United States Code, Section 841(a)(1) (distribution of controlled substances), involving Olajwan VEASY:

   a. any information related to sources of drugs or firearms (including names, addresses, phone numbers, and any other identifying information);

   b. any information related to VEASY's purchase, receipt, or possession of firearms;

   c. any information recording VEASY's movements or travel;

   d. all bank records, checks, credit card bills, account information, and other financial records relevant to the sale and/or trade of narcotics and/or firearms;

   e. photos, videos, IP addresses, contact information, contact lists;

   f. text messages, social media messages and content, and multi-media messages, relating to the sale and/or trade of narcotics and/or firearms;

   g. electronic mail to include the content of the emails, and associated email addresses, relating to the sale and/or trade of narcotics and/or firearms;

2. Evidence of user attribution showing who used or owned the Subject Phones at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or

2

stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.